UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-47-FDW
(1:09-cr-17-GCM-DLH-1)

| | | |
|---|---|---|
| ALBERT CHARLES BURGESS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ATTORNEY GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of the petition filed pursuant to 28 U.S.C. § 1651 wherein Petitioner contends that he is being illegally detained in violation of the laws of the United States and the Fourteenth Amendment to the Constitution.

On November 18, 2009, a jury convicted Petitioner in this district on one count of possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 1), and one count of knowingly receiving computer visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 2). The Court entered judgment on August 27, 2010, and sentenced Petitioner to concurrent terms of 292-months' imprisonment and ordered restitution in the amount of $305,219.86. (1:09-cr-17, Doc. No. 185: Judgment in a Criminal Case). Petitioner's convictions were affirmed on appeal and his sentence was affirmed in all respects save for the award of restitution which the Fourth Circuit vacated and the case was remanded for a calculation of the damages the Petitioner proximately caused to the victim.

1

United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012).

On November 15, 2012, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and raised claims of ineffective assistance of trial and appellate counsel and claims of prosecutorial misconduct. (Civil Case No. 1:12-cv-375-GCM). The Government has filed a motion to dismiss the § 2255 motion as being without merit and that matter is presently under consideration by the sentencing court.

On February 18, 2014, Petitioner's present petition under 28 U.S.C. § 1651 was docketed and assigned to this Court. Under the All Writs Act, as codified in § 1651, federal courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, petitioners are precluded from proceeding under § 1651 when their claims are cognizable under § 2255. See Ortiz v. United States, __ F. App'x __, 2014 WL 660662 (4th Cir. 2014) (unpublished) (citing United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010)). As explained by the Supreme Court, § 1651 "is a residual source of authority to issue writs that are not otherwise covered by statute," and, "[w]here a statute specifically addresses [a] particular issue . . ., it is that authority, and not the All Writs Act, that is controlling." Ortiz, 2014 WL 660662, at *1 (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).

Petitioner's challenge to the legality of his criminal judgment and present confinement are precisely the claims which must be pursued under § 2255 and as the Court noted, Petitioner's challenge to his criminal judgment under § 2255 is pending before the sentencing court. Accordingly, for the foregoing reasons the Court finds that Petitioner's § 1651 petition should be

denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 1651 petition is **DENIED**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 11, 2014

Frank D. Whitney
Chief United States District Judge